UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SCHWAB, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 1:04CV00025 RWS |
| | ) | |
| NISSAN NORTH AMERICA, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This is a product liability case arising out of a rollover crash of a 2002 Nissan Xterra vehicle. Plaintiffs have identified Dr. C. Thomas Gualtieri to offer opinions regarding the future support and care required by Mr. Schwab. The Nissan defendants argue the Dr. Gualtieri's life care plan and related testimony should be excluded under Federal Rule of Evidence 702.

Based on the evidence and argument presented by the parties, I find that Dr. C. Thomas Gualtieri's testimony should not be excluded pursuant to Federal Rule of Evidence 702.

## STANDARD FOR ADMISSIBILITY OF EXPERT TESTIMONY

Federal Rule of Evidence 702 provides that if expert testimony "will assist

the trier of fact to understand the evidence or to determine a fact in issue" an expert may testify where "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

**ANALYSIS**

Dr. Gualtieri has more than 120 publications to his name and decades of experience in the field of neuropsychiatry. Life care plans are built around four subject areas – Therapeutic Recommendations, Living Arrangements, Vocational/Productive Activities, and Future Needs. Physicians do more than diagnose a patient. Physicians also prescribe certain treatments, medications, plans and courses of action to assist their patient in either their recovery or the management of their medical issues.

Defendants raise the issue that all costs reflected in Dr. Gualtieri's plan are costs for the local area surrounding his office in Chapel Hill, North Carolina, while Mr. Schwab currently lives in Honma, Louisiana. This objection is not an attack on Dr. Gualtieri's credentials or methodology. Rather, this is an issue that can be explored on cross-examination and is not sufficient to exclude Dr. Gualtieri's testimony.

I will therefore deny Defendants' motion to exclude Dr. Gualtieri's life care

plan and related testimony, subject to the limitation that Dr. Gualtieri must stay within the scope of his expertise and may not attempt to include any type of economic or statistical based assessments of Mr. Schwab's injury.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Exclude Certain Evidence and Testimony [#156] is **DENIED** as it relates to Defendants' original Motion #103.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 8th day of June, 2007.